UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 3:17-CV-30126

| | | |
|---|---|---|
| ROGER MATTHEWS and | ) | |
| TIMOTHY GIGNILLIAT, | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | **PLAINTIFFS' COMPLAINT** |
| | ) | **AND JURY CLAIM** |
| SOUTHWORTH COMPANY, | ) | |
| JOHN S. LENESS, DAVID J. MIKA, | ) | |
| DAVID C. SOUTHWORTH, and | ) | |
| CHRIS CHILDS, | ) | |
|     Defendants. | ) | |

### Summary

Plaintiffs, Roger Matthews and Timothy Gignilliat (collectively the "Plaintiffs"), file this suit collectively on behalf of themselves and other similarly situated employees, seeking compensation for unpaid wages and other benefits pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 203, *et seq.*, Massachusetts Wage Act M.G.L. c. 149, §§ 148, 150, and the Worker Adjustment and Retraining Notification Act ("WARN Act") 29 U.S.C. § 2101, *et seq.*

On August 30, 2017, Plaintiffs were both employees of the defendant, Southworth Company ("Southworth") working at Southworth's office located at 63 Canal Street in Turners Falls, Massachusetts ("Turners Falls Plant.") On August 30, 2017, Southworth announced that it was shutting down the Turners Falls Plant and that the Plaintiffs', along with others similar situated, employment was terminated. Upon information and belief, there were approximately sixty (60) employees at the Turners Falls Plant and who were owed wages, accrued vacation, and other benefits who were not paid upon discharge on August 30, 2017 and have not been paid since being discharged on August 30, 2017. Southworth owns and controls another plant in Massachusetts located at 265 Main Street in Agawam, Massachusetts. Upon information and belief, Southworth employed over one hundred and twenty (120) employees on August 30, 2017 in Massachusetts. Southworth failed to give sixty (60) day notice of the Turners Falls Plant's closing as required by the WARN Act to its' employees.

### Jurisdiction

1.    This Court has jurisdiction because this matter involves a federal question pursuant to 28 U.S.C. § 1331.

### Venue

2.    Venue is proper because a party resides in this district pursuant to 28 U.S.C. § 1391.

## Parties

3.      Plaintiff, Roger Matthews ("Mr. Matthews"), is an adult New Hampshire resident residing at 80 Winch Hill Road, Swanzey, New Hampshire.  At all times relevant to this Complaint, Mr. Matthews was an employee of Southworth and worked at the Turners Falls Plant.

4.      Plaintiff, Timothy Gignilliat ("Mr. Gignilliat") is an adult Massachusetts resident residing at 23 Whiting Road, Oxford, Massachusetts.  At all times relevant to this Complaint, Mr. Gignilliat was an employee of Southworth and worked at the Turners Falls Plant.

5.      Upon information and belief, Southworth is a corporation under the laws of Massachusetts with a principal place of business located at 265 Main Street in Agawam, Massachusetts.  At all times relevant to this Complaint, Southworth owned, controlled and operated a plant at 63 Canal Street in Turners Falls, Massachusetts.

6.      Upon information and belief, John S. Leness ("Mr. Leness") is an adult Washington resident residing at 2031 Fairview Avenue East, #1 in Seattle, Washington.  At all times relevant to this Complaint, Mr. Leness was the President and a Director of Southworth and exercised direction, management, and control over the Turners Falls Plant.

7.      Upon information and belief, David J. Mika ("Mr. Mika") is an adult Connecticut resident residing at 251 Silo Road in Bristol, Connecticut.  At all times relevant to this Complaint, Mr. Mika was the Chief Financial Officer and treasurer of Southworth and exercised direction, management, and control over the Turners Falls Plant.

8.      At all times relevant to this Complaint, Mr. Mika was the registered agent of Southworth with the Secretary of the Commonwealth, Corporations Division.

9.      Upon information and belief, David C. Southworth ("Mr. Southworth") is an adult Massachusetts resident residing at 47 Colony Road in Springfield, Massachusetts.  At all times relevant to this Complaint, Mr. Southworth was the Secretary and a Director of Southworth and exercised direction, management, and control over the Turners Falls Plant.

10.      Upon information and belief, Chris Childs ("Mr. Childs") is an adult Connecticut resident residing at 338 South Main Street in Suffield, Connecticut.  At all times relevant to this Complaint, Mr. Childs was a Director of Southworth and exercised direction, management, and control over the Turners Falls Plant.

## Facts

11.      Southworth is a Massachusetts corporation manufacturing and selling paper products and engages in interstate commerce.

12.      Southworth employed approximately one hundred and twenty (120) full time employees who had worked for at least six (6) months for the preceding twelve (12) months prior to Southworth closing on August 30, 2017 and operated plants in Turners Falls and Agawam, Massachusetts.

13.     On August 30, 2017, Southworth permanently closed the Turners Falls Plant and terminated and/or discharged approximately sixty (60) employees without prior notice of any kind.

14.     Upon information and belief, Southworth failed to pay all terminated employees, including the Plaintiffs, all earned wages and other accrued benefits, due and owing to its' employees.

15.     Mr. Leness was at all times relevant hereto acting as an officer of Southworth and had authority and control over Southworth's enterprises in Massachusetts.

16.     Mr. Leness was a person acting directly or indirectly in the interest of Southworth in relation to Plaintiffs' and all other similarly situated employees.

17.     Mr. Mika was at all times relevant hereto acting as an officer of Southworth and had authority and control over Southworth's enterprises in Massachusetts.

18.     Mr. Mika was a person acting directly or indirectly in the interest of Southworth in relation to Plaintiffs' and all other similarly situated employees.

19.     Mr. Southworth was at all times relevant hereto acting as an officer of Southworth and had authority and control over Southworth's enterprises in Massachusetts.

20.     Mr. Southworth was a person acting directly or indirectly in the interest of Southworth in relation to Plaintiffs' and all other similarly situated employees.

21.     Mr. Childs was at all times relevant hereto acting as an officer of Southworth and had authority and control over Southworth's enterprises in Massachusetts.

22.     Mr. Childs was a person acting directly or indirectly in the interest of Southworth in relation to Plaintiffs' and all other similarly situated employees.

23.     Mr. Matthews was employed as a plant engineer for Southworth at all times relevant to this Complaint.

24.     On August 30, 2017, Mr. Matthews was making $18.48 an hour and worked approximately forty (40) hours per week.

25.     When Mr. Matthews was discharged on August 30, 2017, he was not paid for all wages and accrued benefits due and owing to him.

26.     Mr. Gignilliat was employed as a chief plant engineer for Southworth at all times relevant to this Complaint.

27.    On August 30, 2017, Mr. Gignilliat was a salaried employee earning $75,000.00 per year and worked approximately forty (40) hours per week.

28.    When Mr. Gignilliat was discharged on August 30, 2017, he was not paid for all wages and accrued benefits due and owing to him.

29.    The Defendants have failed to pay the Plaintiffs, or other similarly situated employees, at any point in time, earned wages and accrued benefits due and owing to them.

30.    Plaintiffs have filed separate complaints with the Office of the Attorney General of Massachusetts prior to this Complaint and the Office of the Attorney General of Massachusetts has issued permission to sue letters.

## Class Action

31.    Adjudicating this action as a Class Action is appropriate as:

   (a) The class is so numerous that joinders of all members is impracticable;
   (b) There are questions of law or fact common to the class;
   (c) The claims of the representative Plaintiffs are typical of the claims of the class;
   (d) The representative Plaintiffs will fairly and adequately protect the interests of the class.

## COUNT I
### Matthews v. Southworth
### Violation of FLSA

32.    Plaintiff repeats and realleges the facts contained in the preceding paragraphs of this Complaint as though fully set for herein.

33.    Mr. Matthews was an employee of Southworth.

34.    Southworth was required by the provisions of 29 U.S.C. § 206 to pay Mr. Matthews a minimum hourly wage.

35.    By failing to pay Mr. Matthews his earned wages and accrued benefits due and owing to him, Southworth violated 29 U.S.C. § 206.

36.    As a direct result of Southworth's violation of the FLSA, Mr. Matthews has suffered damages.

37.    Mr. Matthews brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

   WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT II
### Matthews v. Leness
### Violation of FLSA

38.     Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

39.     Pursuant to 29 U.S.C. § 203(d), Mr. Leness was an employer of Mr. Matthews

40.     Mr. Leness was required by the provisions of 29 U.S.C. § 206 to pay Mr. Matthews a minimum hourly wage.

41.     By failing to pay Mr. Matthews his earned wages and accrued benefits due and owing to him, Mr. Leness violated 29 U.S.C. § 206.

42.     As a direct result of Mr. Leness' violation of the FLSA, Mr. Matthews has suffered damages.

43.     Mr. Matthews brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT III
### Matthews v. Mika
### Violation of FLSA

44.     Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

45.     Pursuant to 29 U.S.C. § 203(d), Mr. Mika was an employer of Mr. Matthews.

46.     Mr. Mika was required by the provisions of 29 U.S.C. § 206 to pay Mr. Matthews a minimum hourly wage.

47.     By failing to pay Mr. Matthews his earned wages and accrued benefits due and owing to him, Mr. Mika violated 29 U.S.C. § 206.

48.     As a direct result of Mr. Mika's violation of the FLSA, Mr. Matthews has suffered damages.

49.     Mr. Matthews brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

### COUNT IV
### Matthews v. Mr. Southworth
### Violation of FLSA

50.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

51.    Pursuant to 29 U.S.C. § 203(d), Mr. Southworth was an employer of Mr. Matthews.

52.    Mr. Southworth was required by the provisions of 29 U.S.C. § 206 to pay Mr. Matthews a minimum hourly wage.

53.    By failing to pay Mr. Matthews his earned wages and accrued benefits due and owing to him, Mr. Southworth violated 29 U.S.C. § 206.

54.    As a direct result of Mr. Southworth's violation of the FLSA, Mr. Matthews has suffered damages.

55.    Mr. Matthews brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

### COUNT V
### Matthews v. Childs
### Violation of FLSA

56.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

57.    Pursuant to 29 U.S.C. § 203(d), Mr. Childs was an employer of Mr. Matthews.

58.    Mr. Childs was required by the provisions of 29 U.S.C. § 206 to pay Mr. Matthews a minimum hourly wage.

59.    By failing to pay Mr. Matthews his earned wages and accrued benefits due and owing to him, Mr. Childs violated 29 U.S.C. § 206.

60.    As a direct result of Mr. Childs' violation of the FLSA, Mr. Matthews has suffered damages.

61.     Mr. Matthews brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT VI
### Matthews v. Southworth
### Violation of Massachusetts Wage Act

62.     Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

63.     Mr. Matthews was an employee of Southworth.

64.     Southworth was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Matthews wages earned by him on the date of his discharge, August 30, 2017.

65.     By failing to pay Mr. Matthews his earned wages and accrued benefits due and owing to him, Southworth violated M.G.L. c. 149, § 148.

66.     As a direct result of Southworth's violation of the Massachusetts Wage Act, Mr. Matthews has suffered damages.

67.     Mr. Matthews brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT VII
### Matthews v. Leness
### Violation of Massachusetts Wage Act

68.     Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

69.     Pursuant to M.G.L. c. 149, §148, Mr. Leness is an employer of Mr. Matthews.

70.     Mr. Leness was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Matthews wages earned by him on the date of his discharge, August 30, 2017.

71.     By failing to pay.Mr. Matthews his earned wages and accrued benefits due and owing to him, Mr. Leness violated M.G.L. c. 149, § 148.

72.     As a direct result of Mr. Leness' violation of the Massachusetts Wage Act, Mr. Matthews has suffered damages.

73.     Mr. Matthews brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT VIII
### Matthews v. Mika
### Violation of Massachusetts Wage Act

74.     Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

75.     Pursuant to M.G.L. c. 149, §148, Mr. Mika is an employer of Mr. Matthews.

76.     Mr. Mika was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Matthews wages earned by him on the date of his discharge, August 30, 2017.

77.     By failing to pay Mr. Matthews his earned wages and accrued benefits due and owing to him, Mr. Mika violated M.G.L. c. 149, § 148.

78.     As a direct result of Mr. Mika's violation of the Massachusetts Wage Act, Mr. Matthews has suffered damages.

79.     Mr. Matthews brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT IX
### Matthews v. Mr. Southworth
### Violation of Massachusetts Wage Act

80.     Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

81.     Pursuant to M.G.L. c. 149, §148, Mr. Southworth is an employer of Mr. Matthews.

82.     Mr. Southworth was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Matthews wages earned by him on the date of his discharge, August 30, 2017.

83.    By failing to pay Mr. Matthews his earned wages and accrued benefits due and owing to him, Mr. Southworth violated M.G.L. c. 149, § 148.

84.    As a direct result of Mr. Southworth's violation of the Massachusetts Wage Act, Mr. Matthews has suffered damages.

85.    Mr. Matthews brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT X
### Matthews v. Childs
### Violation of Massachusetts Wage Act

86.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

87.    Pursuant to M.G.L. c. 149, §148, Mr. Childs' is an employer of Mr. Matthews.

88.    Mr. Childs' was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Matthews wages earned by him on the date of his discharge, August 30, 2017.

89.    By failing to pay Mr. Matthews his earned wages and accrued benefits due and owing to him, Mr. Childs' violated M.G.L. c. 149, § 148.

90.    As a direct result of Mr. Childs' violation of the Massachusetts Wage Act, Mr. Matthews has suffered damages.

91.    Mr. Matthews brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT XI
### Matthews v. Southworth
### Violation of WARN Act

92. Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

93. Mr. Matthews was an employee of Southworth.

94. Pursuant to 29 U.S.C. § 2102, Southworth was required to provide sixty (60) days written notice of its' intent to close the Turners Falls Plant to Mr. Matthews and all other similarly situated employees.

95. Southworth failed to provide the required notice.

96. By failing to provide the required notice, Southworth violated 29 U.S.C. § 2102.

97. Mr. Matthews brings this action pursuant to 29 U.S.C. § 2104(a)(5) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages in accordance with 29 U.S.C. § 2104(a)(1)(A) and (B).

### COUNT XII
### Gignilliat v. Southworth
### Violation of FLSA

98.    Plaintiff repeats and realleges the facts contained in the preceding paragraphs of this Complaint as though fully set for herein.

99.    Mr. Gignilliat was an employee of Southworth.

100.    Southworth was required by the provisions of 29 U.S.C. § 206 to pay Mr. Gignilliat a minimum hourly wage.

101.    By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Southworth violated 29 U.S.C. § 206.

102.    As a direct result of Southworth's violation of the FLSA, Mr. Gignilliat has suffered damages.

103.    Mr. Gignilliat brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

### COUNT XIII
### Gignilliat v. Leness
### Violation of FLSA

104.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

105.    Pursuant to 29 U.S.C. § 203(d), Mr. Leness was an employer of Mr. Gignilliat.

106.    Mr. Leness was required by the provisions of 29 U.S.C. § 206 to pay Mr. Gignilliat a minimum hourly wage.

107.    By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Mr. Leness violated 29 U.S.C. § 206.

108.    As a direct result of Mr. Leness' violation of the FLSA, Mr. Gignilliat has suffered damages.

109.    Mr. Gignilliat brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

### COUNT XIV
### Gignilliat v. Mika
### Violation of FLSA

110.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

111.    Pursuant to 29 U.S.C. § 203(d), Mr. Mika was an employer of Mr. Gignilliat.

112.    Mr. Mika was required by the provisions of 29 U.S.C. § 206 to pay Mr. Gignilliat a minimum hourly wage.

113.    By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Mr. Mika violated 29 U.S.C. § 206.

114.    As a direct result of Mr. Mika's violation of the FLSA, Mr. Matthews has suffered damages.

115.    Mr. Gignilliat brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

### COUNT XV
### Gignilliat v. Mr. Southworth
### Violation of FLSA

116.   Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

117.   Pursuant to 29 U.S.C. § 203(d), Mr. Southworth was an employer of Mr. Gignilliat.

118.   Mr. Southworth was required by the provisions of 29 U.S.C. § 206 to pay Mr. Gignilliat a minimum hourly wage.

119.   By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Mr. Southworth violated 29 U.S.C. § 206.

120.   As a direct result of Mr. Southworth's violation of the FLSA, Mr. Gignilliat has suffered damages.

121.   Mr. Gignilliat brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT XVI
### Gignilliat v. Childs
### Violation of FLSA

122.   Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

123.   Pursuant to 29 U.S.C. § 203(d), Mr. Childs was an employer of Mr. Gignilliat.

124.   Mr. Childs was required by the provisions of 29 U.S.C. § 206 to pay Mr. Gignilliat a minimum hourly wage.

125.   By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Mr. Childs violated 29 U.S.C. § 206.

126.   As a direct result of Mr. Childs' violation of the FLSA, Mr. Gignilliat has suffered damages.

127.   Mr. Gignilliat brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT XVII
### Gignilliat v. Southworth
### Violation of Massachusetts Wage Act

128.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

129.    Mr. Gignilliat was an employee of Southworth.

130.    Southworth was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Gignilliat wages earned by him on the date of his discharge, August 30, 2017.

131.    By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Southworth violated M.G.L. c. 149, § 148.

132.    As a direct result of Southworth's violation of the Massachusetts Wage Act, Mr. Gignilliat has suffered damages.

133.    Mr. Gignilliat brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

### COUNT XVIII
### Gignilliat v. Leness
### Violation of Massachusetts Wage Act

134.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

135.    Pursuant to M.G.L. c. 149, §148, Mr. Leness is an employer of Mr. Gignilliat.

136.    Mr. Leness was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Gignilliat wages earned by him on the date of his discharge, August 30, 2017.

137.    By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Mr. Leness violated M.G.L. c. 149, § 148.

138.    As a direct result of Mr. Leness' violation of the Massachusetts Wage Act, Mr. Gignilliat has suffered damages.

139.    Mr. Gignilliat brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT XIX
### Gignilliat v. Mika
### Violation of Massachusetts Wage Act

140.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

141.    Pursuant to M.G.L. c. 149, §148, Mr. Mika is an employer of Mr. Gignilliat.

142.    Mr. Mika was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Gignilliat wages earned by him on the date of his discharge, August 30, 2017.

143.    By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Mr. Mika violated M.G.L. c. 149, § 148.

144.    As a direct result of Mr. Mika's violation of the Massachusetts Wage Act, Mr. Gignilliat has suffered damages.

145.    Mr. Gignilliat brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT XX
### Gignilliat v. Mr. Southworth
### Violation of Massachusetts Wage Act

146.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

147.    Pursuant to M.G.L. c. 149, §148, Mr. Southworth is an employer of Mr. Gignilliat.

148.    Mr. Southworth was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Gignilliat wages earned by him on the date of his discharge, August 30, 2017.

149.    By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Mr. Southworth violated M.G.L. c. 149, § 148.

150.    As a direct result of Mr. Southworth's violation of the Massachusetts Wage Act, Mr. Gignilliat has suffered damages.

151.    Mr. Gignilliat brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT XXI
### Gignilliat v. Childs
### Violation of Massachusetts Wage Act

152.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

153.    Pursuant to M.G.L. c. 149, §148, Mr. Childs' is an employer of Mr. Gignilliat.

154.    Mr. Childs' was required by the provisions of M.G.L. c. 149, § 148 to pay Mr. Gignilliat wages earned by him on the date of his discharge, August 30, 2017.

155.    By failing to pay Mr. Gignilliat his earned wages and accrued benefits due and owing to him, Mr. Childs' violated M.G.L. c. 149, § 148.

156.    As a direct result of Mr. Childs' violation of the Massachusetts Wage Act, Mr. Gignilliat has suffered damages.

157.    Mr. Gignilliat brings this action pursuant to M.G.L. c. 149, § 150 on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him treble damages, interest, costs and attorney's fees and any other relief deemed appropriate and just.

## COUNT XXII
### Gignilliat v. Southworth
### Violation of WARN Act

158.    Plaintiff repeats and realleges the facts contained in the preceding paragraph of this Complaint as though fully set forth herein.

159.    Mr. Gignilliat was an employee of Southworth.

160.    Pursuant to 29 U.S.C. § 2102, Southworth was required to provide sixty (60) days written notice of its' intent to close the Turners Falls Plant to Mr. Gignilliat and all other similarly situated employees.

161.    Southworth failed to provide the required notice.

162.    By failing to provide the required notice, Southworth violated 29 U.S.C. § 2102.

163.    Mr. Gignilliat brings this action pursuant to 29 U.S.C. § 2104(a)(5) on behalf of himself and all other similarly situated employees.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and award him damages in accordance with 29 U.S.C. § 2104(a)(1)(A) and (B).

## Prayer for Relief

A.  Injunctive Relief;
B.  Compensatory Damages;
C.  Multiple and/or Punitive Damages authorized by statute;
D.  Attorneys' fees and costs;
E.  Interest; and
F.  Such other relief as this Court deems just and proper under the circumstances.

## Jury Demand

Plaintiffs hereby demand right to jury on all counts.

PLAINTIFFS,
ROGER MATTHEWS and
TIMOTHY GIGNILLIAT,
By Their Attorneys,

/s/ John P. Connor
John P. Connor, Esq.
BBO#: 566927

/s/ Allison K. Murphy
Allison K. Murphy, Esq.
BBO#: 690409

Stobierski & Connor
377 Main Street
Greenfield, MA 01301
jconnor@stobierski.com
amurphy@stobierski.com
Tel. (413) 774-2867
Fax (413) 774-6551