UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 3:17-CV-30126

| | |
|---|---|
| ROGER MATTHEWS and<br>TIMOTHY GIGNILLIAT,<br>Plaintiffs | ) |
| v. | ) |
| SOUTHWORTH COMPANY,<br>JOHN S. LENESS, DAVID J. MIKA,<br>and CHRIS CHILDS,<br>Defendants | ) |

**ORDER APPROVING THE PROPOSED CLASS ACTION SETTLEMENT, CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY, AND AWARD OF ATTORNEY FEES AND COSTS TO CLASS COUNSEL**

Plaintiffs have filed an Assented-To Motion for Final Approval of the Proposed Class Action Settlement, for Certification of the Proposed Settlement Class for Settlement Purposes Only and for an Award of Attorney Fees and Costs to Class Counsel. In that motion, Plaintiffs request an order approving the settlement of the above-captioned action on a class basis in accordance with the parties' settlement agreement, which sets forth the terms and conditions for a proposed settlement of this matter. Having reviewed the assented-to motion, and conducting a final approval hearing on February 25, 2020, the Court hereby finds and orders that:

(1) For purposes of this settlement, the following settlement class is certified: All individuals who had been working for Defendant, Southworth Company ("Southworth") at the time of its Turners Falls and Agawam plant closures on August 30, 2017, who had not signed an Arbitration Agreement with Southworth.

(2) Individuals who did not return a signed claim form and release, and have not opted-out of the settlement in accordance with the procedure specified in the Notice of Proposed Class

Action Settlement, are bound by the settlement, will not receive any money from the settlement fund, and have released all claims that were or could have been raised in this matter against the Defendants relating to unpaid wages and other benefits pursuant to the Fair Labor Standards Act and Massachusetts Wage Act.

(3) For purposes of this settlement, the settlement class is certified pursuant to Federal Rules of Civil Procedure 23(b)(3).

(4) This Court finds, solely for the purposes of the settlement, that this matter may be maintained as a class action on behalf of the settlement class because: (a) the settlement class is so numerous that joinder of all settlement class members in this matter is impracticable; (b) there are questions or law and fact common to settlement class members that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the settlement class; (d) Plaintiffs and their counsel will fairly and adequately represent and protect the interests of the settlement class; and (e) a settlement class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(5) This Court finds that the settlement is fair, reasonable and adequate, and within the range of possible approval, and resolves a bona fide dispute between the parties.

(6) This Court finds that the Plaintiffs will fairly and adequately represent the interests of the settlement class and, therefore, designates Plaintiffs as the representatives of the Settlement Class. Pursuant to Federal Rules of Civil Procedure 23(g), this Court designates as class counsel the law firm of Stobierski and Connor. This Court authorizes Plaintiffs and class counsel to enter into settlement agreement on behalf of the settlement class. Plaintiffs and class counsel, on behalf of the settlement class, are authorized to

take all appropriate action required or permitted to be taken by the settlement class pursuant to the settlement to effectuate its terms.

(7) This Court finds that the total amount of $17,596.51 be awarded to class counsel for attorneys' costs and fees incurred by class counsel.

So Ordered:

Dated: February ~~27~~, 2020
28